UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80293-CIV-COHN/SELTZER

JAY ARNESEN, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

AMERICAN HOME SHIELD OF
FLORIDA, INC., AMERICAN HOME
SHIELD CORPORATION, and
THE SERVICEMASTER COMPANY,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

**THIS CAUSE** is before the Court upon Defendants' Motion to Transfer [DE 7]. The Court has carefully reviewed the motion and related filings and is otherwise advised in the premises.

**I.    Background**

On March 15, 2012, Plaintiff Jay Arnesen filed this proposed class action against Defendants American Home Shield of Florida, Inc., American Home Shield Corporation, and The ServiceMaster Company, which sell warranties for the repair or replacement of home systems and appliances. See DE 1. In general, Plaintiff alleges that Defendants have systematically denied warranty holders' claims under false pretenses, requiring those customers to incur significant out-of-pocket expenses. Plaintiff seeks to represent a class of "all persons who have been denied coverage pursuant to a home warranty contract by [Defendants] from October 20, 2009 to present." Id. at 9, ¶ 23;

see DE 17 at 2 (Motion for Class Certification).  Plaintiff's Complaint asserts claims for breach of contract, breach of covenant of good faith and fair dealing, unfair and deceptive trade practices, and unjust enrichment.  See DE 1 at 12-16.  On behalf of himself and the proposed class, Plaintiff seeks economic damages, equitable relief, and attorney's fees.  See id. at 16-17.

On May 18, 2012, Defendants filed the present Motion to Transfer [DE 7]. According to Defendants, the claims and proposed class definition in Plaintiff's Complaint "substantially overlap with the claims and putative class definition in a case that is pending in the United States District Court for the Eastern District of Louisiana, Gaudet v. American Home Shield Corporation, No. 2:11-cv-01857-KDE-SS (the "Gaudet Action"), that was filed almost nine months earlier."  DE 7 at 1-2.  Defendants therefore contend that this action should be transferred to the Eastern District of Louisiana based on the "first-filed rule."  Id. at 2; see Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

## II. Discussion

The Eleventh Circuit has emphasized that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  Manuel, 430 F.3d at 1135.  The main purpose of the first-filed rule is to "conserve judicial resources and avoid conflicting rulings."  Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998).  A party that objects to proceeding in the first-filed forum must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule."  Manuel, 430 F.3d at 1135

(quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)).

Here, Defendants are correct that the Gaudet Action—filed in Louisiana state court on June 23, 2011, and removed to the Eastern District of Louisiana on August 3, 2011—was pending for several months before this case was filed on March 15, 2012. Gaudet is therefore the first-filed action.

Moreover, a review of the Complaint in Gaudet confirms that the claims in that case are very similar to those in this action. Like Plaintiff here, the Gaudet Plaintiffs allege that American Home Shield Corporation[1] has engaged in coordinated efforts to wrongfully deny homeowners' warranty claims. In particular, the main factual allegation in both cases is that the Defendants have routinely denied warranty claims based on purported improper maintenance, misuse, or preexisting defects, regardless of whether any evidence supported those findings. See DE 1 at 6, ¶ 14; Gaudet Compl. [DE 1-2] at 4. Further, the Gaudet Plaintiffs' legal claims and requested relief largely overlap those of Plaintiff here. See Gaudet Compl. [DE 1-2] at 10-14.

The class definitions in the two cases are also substantially identical. Here, Plaintiff proposes a class consisting of "all persons who have been denied coverage pursuant to a home warranty contract by [Defendants] from October 20, 2009 to present." DE 1 at 9, ¶ 23. In Gaudet, Plaintiffs define the putative class as follows:

> All current or former American Home Shield Corporation home warranty policyholders, who have made a claim for

---

[1] Although the Complaint in this case also names American Home Shield of Florida, Inc., and The ServiceMaster Company as Defendants, those companies are alleged to be related corporate entities of American Home Shield Corporation. See DE 1 at 3, ¶¶ 5, 7.

>repair or replacement from October 20, 2009 to the present date, pursuant to the terms and conditions in their policy contracts, and to whom insurance coverage is due or owed as a result of a wrongfully denied claim for repair or replacement of a home component, appliance, or HVAC system, on an alleged failure to clean or maintain or for a pre-existing condition.

Gaudet Compl. [DE 1-2] at 8; Gaudet Motion for Class Certification [DE 19] at 1. Although the Gaudet class definition is limited to claim denials based on "an alleged failure to clean or maintain or for a pre-existing condition," that is also Plaintiff's central theory in this case. See DE 1 at 6, ¶ 14 ("Claims are most often denied on the grounds of improper maintenance, misuse, or components not being in good working order when the policy became effective.").

Given the close similarities between this case and the earlier-filed Gaudet Action, a strong presumption arises that this case should proceed in the Eastern District of Louisiana. See Manuel, 430 F.3d at 1135. And Plaintiff has not shown compelling circumstances that would justify litigating this competing and largely duplicative action before this Court.[2] See id. For these reasons, the Court concludes that this action should be transferred as requested by Defendants.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Transfer [DE 7] is hereby **GRANTED**;

---

[2] The Court has already addressed herein the chief issues raised in Plaintiff's Response to the Motion to Transfer. Moreover, the Court has considered all of Plaintiff's other arguments, including the existence of claims based on Florida law and the alleged inconvenience of the Louisiana forum. The Court finds, however, that the factors identified by Plaintiff do not establish compelling circumstances warranting an exception to the first-filed rule.

2.  The Clerk shall **TRANSFER** this action to the United States District Court for the Eastern District of Louisiana;

3.  Defendants' Motion to Stay [DE 18] pending the resolution of the Motion to Transfer is hereby **DENIED** as moot;

4.  Plaintiff's Motion for Class Certification [DE 17] should be heard by the Eastern District of Louisiana, and the Clerk of this Court shall terminate that Motion for statistical purposes only; and

5.  The Clerk shall **CLOSE** the case in this Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of July, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF